D. Maimon Kirschenbaum
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 688-2548

| **BRUCKNER BURCH PLLC** | **JOSEPHSON DUNLAP LAW FIRM** |
|---|---|
| Michael K. Burke | Michael A. Josephson (*pro hac vice forthcoming*) |
| NY Reg. No. 4451910 | Texas Bar No. 24014780 |
| Texas Bar No. 24012359 | Andrew W. Dunlap (*pro hac vice forthcoming*) |
| Richard J. (Rex) Burch (*pro hac vice forthcoming*) | Texas Bar No. 24078444 |
| Texas Bar No. 24001807 | 11 Greenway Plaza, Ste. 3050 |
| David I. Moulton (*pro hac vice forthcoming*) | Houston, Texas 77046 |
| Texas Bar No. 24051093 | |
| 8 Greenway Plaza, Ste. 1500 | |
| Houston, Texas 77046 | |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTIN GORE, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED, <br><br> v. <br><br> PEAK SYSTEMS, INC. | Case No: x:20-cv-_____ <br><br> FLSA Collective Action <br> Rule 23 Class Action |

## ORIGINAL COMPLAINT

1. Peak Systems, Inc. ("PSI") has an overtime pay problem. PSI pays its employees, including Martin Gore, at the same rate for both regular hours and overtime hours. For example, in the week ending September 30, 2018, Gore worked 59 hours in Illinois, all paid at $51 per hour for a total of $3,009, as shown on his paystub.

| Start | End | T Hrs | Type | Rate | Hrs | OT Rate | O Hrs | DT Rate | D Hrs | Salary | Units | U Rate | TotalPay |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9/24/2018 | 9/30/2018 | 38.50 | Reg | $51.00 | 38.50 | $51.00 | 0.00 | $51.00 | 0.00 | $0.00 | 0.00 | $0.00 | $1,963.50 |
| 9/24/2018 | 9/30/2018 | 15.50 | Reg | $51.00 | 15.50 | $51.00 | 0.00 | $51.00 | 0.00 | $0.00 | 0.00 | $0.00 | $790.50 |
| 9/24/2018 | 9/30/2018 | 5.00 | Reg | $51.00 | 5.00 | $51.00 | 0.00 | $51.00 | 0.00 | $0.00 | 0.00 | $0.00 | $255.00 |

Because PSI violates the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (FLSA) and the laws of various states where Gore worked, including California, Illinois, and New

Jersey, Gore brings this collective action to recover unpaid overtime wages and other damages PSI owes to him and to other workers like him.

## JURISDICTION & VENUE

2. This Court has federal question subject matter jurisdiction. *See* 28 U.S.C. § 1331 & 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the FLSA claims they form part of same case or controversy.

4. Gore's state law claims are not novel or complex. 28 U.S.C. § 1367(c)(1).

5. Gore's state law claims do not predominate over their federal question claims. 28 U.S.C. § 1367(c)(2).

6. Venue is proper because PSI resides in this District and Division. Further, a substantial part of the events alleged herein occurred in this District and Division. *See* 28 U.S.C. §§ 1391 (b) & (c).

## APPLICABLE STATE LAWS

7. The "California Wage Laws" refers to CAL. LAB. CODE §§ 201-204, 226, 226.7, 510, 512, 551-52, 1194 (2017) and applicable IWC Wage Orders; and the California Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE § 17200, *et. seq.*

8. The "Illinois Wage Laws" refers to the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* and supporting state wage and hour regulations (the "IMWL").

9. The "New Jersey Wage Laws" refers to the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.* and the supporting New Jersey Department of Labor and Workforce Development Regulations (the "NJWL").

## THE PARTIES

10. PSI is an employment agency headquartered in New York City that specializes in placing IT, accounting, auditing, tax information, and marketing workers for its clients.

11. PSI employed Gore as an hourly senior project manager in several states, including California, Illinois, Michigan, New Jersey, and Texas.

12. Gores consent to this action is attached.

13. Gore represents at least 4 classes of similarly situated co-workers.

14. First, Gore represents a class of similarly situated hourly workers under the FLSA (Count 1) pursuant to 29 U.S.C.§ 216(b). The FLSA Class is defined as:

> **All hourly workers employed by PSI during the last three years.**

15. Gore represents a class of similarly situated hourly workers under the California Wage Laws (Counts 2-6) pursuant to Federal Rule of Civil Procedure 23. The California Class is defined as:

> **All hourly workers employed by PSI in California during the applicable statutory periods under the California Wage Laws.**

16. Gore represents a class of similarly situated hourly workers under the Illinois Wage Laws (Count 7) pursuant to Federal Rule of Civil Procedure 23. The Illinois Class is defined as:

> **All hourly workers employed by PSI in Illinois during the applicable statutory periods under the Illinois Wage Laws.**

17. Gore represents a class of similarly situated hourly workers under the New Jersey Wage Laws (Count 8) pursuant to Federal Rule of Civil Procedure 23. The New Jersey Class is defined as:

> **All hourly workers employed by PSI in New Jersey during the applicable statutory periods under the New Jersey Wage Laws.**

18. Collectively, the FLSA, California, Illinois, and New Jersey Class members are referred to as the "Putative Class Members" or the "Hourly Workers."

19. The Hourly Workers are easily ascertainable from PSI's business records, particularly its personnel and payroll records.

20. PSI does business throughout California, New York, Illinois, and New Jersey.

## FACTS

21. In each of the past three years, PSI, or the enterprise of which it is a part, had revenues in excess of the statutory minimum required for "enterprise coverage," under the FLSA, which is $500,000.

22. During the relevant FLSA statutory period, PSI's gross annual revenues well exceeded $1M, reportedly in excess of $13M.

23. During the relevant FLSA statutory period, PSI, or the enterprise of which it is a part, employed at least two individuals that routinely handled goods or materials – such as phones, computers, tools, and office equipment– that moved in, or were produced for, interstate commerce.

24. PSI is, or is part of, a covered enterprise engaged in commerce under the FLSA and is subject to its requirements.

25. At all relevant times, PSI employed hundreds of individuals – including Gore and the Hourly Workers – that were paid by the hour, and did not receive at least 1.5 times their regular hourly rate for hours worked in excess of forty in a week.

26. While the Hourly Workers' job duties varied somewhat, these differences are not relevant for determining their rights to overtime pay.

27. At all relevant times, PSI employed at least 50 hourly workers that were paid at less than one and one-half their regular hourly rates for hours worked in excess of 40 in a workweek in each of the following states: California, Illinois, and New Jersey.

28. Gore typically worked between 45 and 60 hours per week.

29. Although Gore regularly worked in excess of 40 hours per week, PSI failed to pay him overtime at one and one-half times his regular hourly rate for these hours.

30. Instead, PSI paid Gore at the same hourly rate for all hours worked. This payroll practice is commonly referred to as "straight time for overtime."

31. Gore's hourly rate was $50 per hour when he started his employment and was $51 per hour by the end of his employment.

32. Gore and the Hourly Workers were paid for the hours they worked.

33. PSI did not guarantee Gore and the Hourly Workers any certain amount of pay or hours worked per week.

34. If Gore worked 59 hours in a week, for example, he was paid at the same rate for all 59 hours.

35. And if Gore worked 32 hours in a week, he was paid for 32 hours.

36. Gore worked more than 40 hours per week in California, Illinois, and New Jersey without receiving overtime pay required by the California, Illinois, and New Jersey Wage Laws and the FLSA.

37. For example, for the week ending March 18, 2018, Gore worked 70 hours in California and was paid $51 per hour, without the overtime premium required under the California Wage Laws and the FLSA.

38. For the week ending September 30, 2018, Gore worked 59 hours in Illinois and was paid $51 per hour, without the overtime premium required under the Illinois Wage Laws and the FLSA.

39. For the week ending May 13, 2018, Gore worked 64 hours in New Jersey and was paid $51 per hour, without the overtime premium required under the New Jersey Wage Laws and the FLSA.

40. PSI knew Gore and the Hourly Workers routinely worked more than 40 hours in a week. PSI's records reflect this fact.

41. It is well established that hourly workers, like Gore and the Hourly Workers, are generally nonexempt and PSI knew this.

42. PSI knew it paid Gore and the Hourly Workers by the hour and that it paid them less than 1.5 times their regular hourly rates.

43. PSI knew it had to pay Gore and the Class Members at time and one-half their regular rates for overtime hours, but PSI failed to do so.

44. PSI's failure to pay for all hours worked and pay overtime to its hourly workers was willful, meaning PSI knew it was not right, or, at a minimum, PSI recklessly disregarded the FLSA and state laws, including California, Illinois, and New Jersey Wage Laws.

## CLASS AND COLLECTIVE ALLEGATIONS

45. PSI's policy of paying non-exempt workers by the hour, with no overtime pay, and failing to pay for all hours worked, violates the FLSA and the laws of several states, including California, Illinois, and New Jersey Wage Laws.

46. Gore brings his claims under the FLSA as a collective action.

47. The members of the FLSA Class are similarly situated to Gore in all relevant respects.

48. Gore brings his claims under the California Wage Laws as a Rule 23 class action.

49. Gore brings his claims under the Illinois Wage Laws as a Rule 23 class action.

50. Gore brings his claims under the New Jersey Wage Laws as a Rule 23 class action.

51. The members of the California Class are similarly situated to Gore in all relevant respects.

52. The members of the Illinois Class are similarly situated to Gore in all relevant respects.

53. The members of the New Jersey Class are similarly situated to Gore in all relevant respects.

54. The same policy that caused Gore to be shorted on his overtime pay caused PSI's other workers to be shorted on their overtime pay as well.

55. While the precise job duties performed by the FLSA Class and each state class (California, Illinois, and New Jersey) might vary somewhat, these differences do not matter for purposes of determining their entitlement to overtime.

56. Nor do any differences in job duties mater for determining whether PSI's policy of failing to pay overtime is legal, which it is not.

57. The members of the FLSA Class are all entitled to overtime after 40 hours in a week, and the overtime they are entitled to must be calculated in a manner consistent with the regular rate requirements of the FLSA. 29 U.S.C. § 216(b).

58. The members of the California Class are all entitled to overtime and/or double time for hours worked in excess of the maximums under the California Wage Laws, and the overtime and/or double time they are entitled to must be calculated in a manner consistent with the regular rate requirements of the California Wage Laws.

59. The members of the Illinois Class are all entitled to overtime after 40 hours in a week, and the overtime they are entitled to must be calculated in a manner consistent with the regular rate requirements of the Illinois Wage Laws.

60. The members of the New Jersey Class are all entitled to overtime after 40 hours in a week, and the overtime they are entitled to must be calculated in a manner consistent with the regular rate requirements of the New Jersey Wage Laws.

61. Defendants employed many hourly employees like Gore in the United States during the applicable FLSA and state law limitations periods.

62. The Hourly Workers are geographically disbursed, residing and working in multiple states.

63. Because the Hourly Workers do not have fixed work locations, these individuals may work in different states across the country in the course of a given year.

64. Most of the questions related to the FLSA, California, Illinois, and New Jersey Classes can be answered on a class basis.

65. PSI exercised its decision to pay hourly workers less than 1.5 times their regular rates on the basis of an established policy.

66. PSI's policy of paying by the hour with no overtime pay either complies with the FLSA and California, Illinois, and New Jersey Wage Laws or it does not, and these decisions can be made on a class-wide basis for each of the classes.

67. PSI's payroll and time-keeping records permit accurate calculation of damages with respect to each of the Hourly Workers.

68. Absent a collective action, many members of the FLSA Class likely will not obtain redress of their injuries and PSI will retain the proceeds of their violations of the FLSA.

69. Absent a class action, many members of each of the state classes likely will not obtain redress of their injuries and PSI will retain the proceeds of their violations of state law.

70. Individual litigation would be unduly burdensome to the judicial system.

71. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

72. The questions of law and fact common to each of the Hourly Workers predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether the Hourly Workers were exempt from overtime;

   b. Whether the Hourly Workers were not paid overtime at 1.5 times their regular rate of pay for hours worked in excess of 40 in a workweek;

   c. Whether PSI's decision to not pay overtime to the Hourly Workers was made in good faith; and

   d. Whether PSI's violation of the FLSA and state law was willful.

73. Gore's claims are typical of the claims of the Hourly Workers.

74. Gore and the Hourly Workers have sustained damages arising out of PSI's illegal and uniform employment policy.

75. Gore knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

76. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

### COUNT 1 – VIOLATION OF THE FLSA

77. The conduct alleged in this Complaint violates the FLSA.

78. At all relevant times, PSI has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

79. PSI employed Gore and each member of the FLSA Class.

80. PSI's pay policy denied Gore and the FLSA Class overtime compensation as required by the FLSA.

81. PSI's failure to pay Gore and the FLSA Class proper overtime violates 29 U.S.C. § 207.

82. PSI's conduct, as described herein, was in willful violation of the FLSA.

83. Due to PSI's FLSA violations, Gore and the FLSA Class are entitled to recover from PSI their unpaid overtime compensation, liquidated damages, reasonable attorney fees, costs, and expenses of this action.

### COUNT 2 – UNPAID OVERTIME UNDER CALIFORNIA LAW

84. The conduct alleged in this Complaint violates the California Wage Laws.

85. At all relevant times, PSI has been an employer within the meaning of the California Wage Laws.

86. PSI employed Gore and each member of the California Class.

87. The California Labor Code requires that all employees, including Gore and the Members of the California Class, receive 1.5 times their hourly rate as overtime premium compensation for hours worked over eight in one day, over 40 in any one workweek, and the first 8 hours worked on the seventh day of work in any workweek. Cal. Lab. Code §§ 510, 551–52 (2017); IWC Wage Orders.

88. Despite working over 8 hours a day, and/or over 40 hours in a week, and/or seven days in a week as part of their normal and regular schedules, Gore and the Members of the California Class did not receive the full overtime compensation at a rate not less than 1.5 times their proper regular rates for these hours.

89. The California Labor Code also requires that all employees, including Gore and the Members of the California Class, receive two times the overtime premium compensation for hours worked over 12 in one day. Cal. Lab. Code § 510 (2017); IWC Wage Orders.

90. Although Gore and the Members of the California Class occasionally worked over 12 hours in one day, they did not receive the "double time" compensation required by California law.

91. Although Gore and the Members of the California Class regularly worked seven days a week, for at least 12 hours a day, they did not receive the "double time" compensation required by California law for all hours over eight worked on the seventh day.

92. This pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation is unlawful and entitles Gore and the Members of the California Class to recover unpaid balance of the full amount of overtime wages owing, including liquidated damages, interest, attorneys' fees, and costs of suit pursuant to California Labor Code section 1194.

### COUNT 3 – MEAL AND BREAK TIME PENALTIES UNDER CALIFORNIA LAW

93. In accordance with the mandates of California Labor Code sections 226.7 and 512, and applicable IWC Wage Orders, Gore and the Members of the California Class had the right to take two uninterrupted 30-minute meal periods for each day they worked 10 hours per day and a 10 minute rest period for every four hours worked per day. Cal. Lab. Code §§ 226.7, 512; IWC Wage Orders.

94. Although the California Labor Code requires that all employees, including Gore and the Members of the California Class, receive two, 30-minute meal-period breaks when employed for 10 hours per day, Gore and the Members of the California Class did not receive two meal-period breaks for each day worked, despite working shifts of 12 hours or more. Cal. Lab. Code § 512; IWC Wage Orders.

95. As a pattern and practice, PSI did not provide Gore and the Members of the California Class with meal-period breaks, and did not provide proper compensation for this failure as required by California law.

96. Although the California Labor Code requires that all employees, including Gore and the Members of the California Class, receive a 10-minute rest period for every four hours worked, Gore and the Members of the California Class did not receive any rest periods during their shifts of 12 or more hours. Cal. Lab. Code § 512; IWC Wage Orders.

97. As a pattern and practice, PSI did not provide Gore and the Members of the California Class with rest-period breaks, and did not provide proper compensation for this failure as required by California law.

98. Gore and the Members of the California Class are entitled to receive compensation, at their regular rate of pay, of one hour for each day they were denied their lawfully required meal- and rest-periods. Cal. Lab. Code § 512; IWC Wage Orders.

99. PSI's policy failed to provide Gore and the Members of the California Class with the legally mandated meal period breaks. Such a pattern, practice, and uniform administration of corporate policy as described herein is unlawful and creates an entitled to recovery by Gore and the Members of the California Class in a civil action, for the balance of the unpaid compensation pursuant to Labor Code sections 226.7 and 512, and applicable IWC Wage Orders.

### COUNT 4 – RECORD KEEPING VIOLATIONS UNDER CALIFORNIA LAW

100. California Labor Code section 226 requires PSI to keep accurate records regarding the rates of pay for their California employees and provide that information to Gore and the Members of the California Class with their wage payment.

101. Because PSI failed to pay Gore and the Putative Class Members lawful wages, it did not maintain accurate records of Gore and the Members of the California Class' daily hours, gross wages earned, net wages earned, and the applicable hourly rates, and did not provide that information to Gore and the Members of the California Class with their wages.

102. This pattern, practice, and uniform administration of corporate policy is unlawful and entitles Gore and the Members of the California Class to recover all damages and penalties available by law, including interest, penalties, attorney fees, and costs of suit. Cal. Lab. Code § 226(e).

### COUNT 5 – WAGE PAYMENT VIOLATIONS UNDER CALIFORNIA LAW

103. At all relevant times, PSI was required to pay Gore and the Members of the California Class all wages owed in a timely fashion at the end of employment pursuant to California Labor Code sections 201 to 204.

104. As a result of PSI's alleged California Labor Code violations, PSI regularly failed to pay Gore and the Members of the California Class their final wages pursuant to California Labor Code sections 201 to 204, and accordingly PSI owes waiting time penalties pursuant to California Labor Code section 203.

105. The conduct of PSI, in violation of Gore and the Members of the California Class' rights, was willful and was undertaken by the agents, employees, and managers of PSI.

106. PSI's willful failure to provide Gore and the Members of the California Class the wages due and owing them upon separation from employment results in a continuation of wages up to 30 days from the time the wages were due.

107. Therefore, Gore and the Members of the California Class who have separated from employment are entitled to compensation pursuant to California Labor Code section 203.

### COUNT 6 – UNFAIR COMPETITION UNDER CALIFORNIA LAW

108. PSI has engaged, and continues to engage, in unfair and unlawful business practices in California by practicing, employing, and utilizing the employment practices outlined above by knowingly denying employees: (1) overtime wages required under federal law; (2) overtime wages required by California law; (3) meal- and rest-period break wages; (4) accurate wage statements; and (5) waiting time penalties.

109. As a result of PSI's failure to comply with federal and state law, PSI has also violated the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et. seq.*, which prohibits unfair competition by prohibiting any unlawful or unfair business actions or practices.

110. The relevant acts by PSI occurred within the four years preceding the filing of this action.

111. On information and belief, PSI has engaged in unlawful, deceptive, and unfair business practices, pursuant to California's Business and Professions Code section 17200, *et seq.*, including those set forth above, depriving Gore and the Members of the California Class of minimum working condition standards and conditions under California law and IWC Wage Orders as set forth above.

112. Gore and the Members of the California Class are entitled to restitution for at least the following: restitution for unpaid overtime wages and unpaid California Labor Code § 203 continuation wages.

113. Gore and the Members of the California Class are also entitled to permanent injunctive and declaratory relief prohibiting PSI from engaging in the violations and other misconduct referred to above.

114. PSI is also liable for fees and costs pursuant to California Code of Civil Procedure section 1021.5 and other applicable law.

115. Gore and the Members of the California Class are aggrieved employees within the meaning of California Labor Code section 2699.

### COUNT 7 – VIOLATION OF THE ILLINOIS WAGE LAWS

116. The conduct alleged in this Complaint violates the Illinois Wage Laws.

117. At all relevant times, PSI was an employer under the Illinois Wage Laws.

118. At all relevant times, PSI employed Gore and each member of the Illinois Class within the meaning of the Illinois Wage Laws.

119. PSI employed Gore and each member of the Illinois Class.

120. PSI violated the IMWL for its failure to pay Gore and the Illinois Class members their earned overtime pay at one and one-half times their regular rates of pay for time worked in Illinois in excess of forty (40) hours in any workweek.

121. PSI violated the IMWL by failing to compensate Gore and the IMWL Class members consistent with the maximum hour provisions. For all the time worked in Illinois in excess of 40 hours in individual workweeks, Gore and the IMWL Class members were entitled to be paid one and one-half times their regular rates of pay.

122. Accordingly, Gore and the IMWL Class are entitled to recover all unpaid overtime wages, punitive damages in the amount of two percent (2%) per month of the amount of underpayment, reasonable counsel fees and costs, prejudgment interest on the unpaid wages, an injunction precluding PSI from violating the IMWL, and any other relief deemed appropriate by the Court.  *See* 815 ILCS 205/2; 820 ILCS 105/12.

## COUNT 8 – VIOLATION OF THE NEW JERSEY WAGE LAWS

123. The conduct alleged in this Complaint violates the New Jersey Wage Laws.

124. At all relevant times, PSI was an employer under the New Jersey Wage Laws.

125. At all relevant times, PSI employed Gore and each member of the New Jersey Class within the meaning of the New Jersey Wage Laws.

126. The overtime wage provisions of the N.J.S.A. § 34:11-56a, *et seq.* and the supporting New Jersey Department of Labor and Workforce Development Regulations apply to PSI and protect Gore and the New Jersey Class.

15

127. PSI failed to pay Gore and the members of the New Jersey Class the overtime wages to which they are entitled under the N.J.S.A. § 34:11-56a, *et seq.* and the supporting New Jersey Department of Labor and Workforce Development Regulations – at a rate of 1.5 times their regular rates – for all hours worked in excess of 40 per workweek.

128. Due to PSI's willful violations of the New Jersey Wage Laws, Gore and the New Jersey Class Members are entitled to recover from PSI their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### PRAYER

Wherefore, Gore prays for relief as follows:

a. An order designating the FLSA class as a collective action and authorizing notice under 29 U.S.C. § 216(b) to the members of the FLSA Class to permit them to join this action by filing a written notice of consent;

b. An order certifying Gore's claims under the California Wage Laws as a class action under Rule 23, appointing Gore as class representative, and his counsel as Class Counsel;

c. An order certifying Gore's claims under the Illinois Wage Laws as a class action under Rule 23, appointing Gore as class representative, and his counsel as Class Counsel;

d. An order certifying Gore's claims under the New Jersey Wage Laws as a class action under Rule 23, appointing Gore as class representative, and his counsel as Class Counsel;

e. A judgment against PSI awarding Gore and the members of the Hourly Class all their unpaid overtime overtime compensation and an additional, equal amount, as liquidated damages under the FLSA, as well as any compensation, damages, penalties, and/or interest under applicable state laws;

f. An order awarding attorney fees, costs, and expenses;

g.  Pre- and post-judgment interest at the highest applicable rates; and

h.  Such other and further relief as may be necessary and appropriate.

Dated: May 12, 2020.

        Respectfully submitted,

        JOSEPH & KIRSCHENBAUM LLP

        By: */s/ D. Maimon Kirschenbaum*
        D. Maimon Kirschenbaum
        32 Broadway, Suite 601
        New York, NY 10004
        Tel: (212) 688-5640
        Fax: (212) 688-2548

        Michael K. Burke
        NY Reg. No. 4451910
        Texas Bar No. 24012359
        Richard J. (Rex) Burch (*pro hac vice forthcoming*)
        Texas Bar No. 24001807
        David I. Moulton (*pro hac vice forthcoming*)
        Texas Bar No. 24051093
        **BRUCKNER BURCH PLLC**
        8 Greenway Plaza, Suite 1500
        Houston, Texas 77046
        Telephone:   (713) 877-8788
        Telecopier:   (713) 877-8065
        rburch@bruckburch.com
        dmoulton@bruckburch.com

        Michael A. Josephson (*pro hac vice forthcoming*)
        Texas Bar No. 24014780
        Andrew W. Dunlap (*pro hac vice forthcoming*)
        Texas Bar No. 24078444
        **JOSEPHSON DUNLAP LAW FIRM**
        11 Greenway Plaza, Ste. 3050
        Houston, Texas 77046
        Telephone:   (713) 352-1100
        Telecopier:   (713) 352-3300
        mjosephson@mybackwages.com
        adunlap@mybackwages.com

        **Attorneys for Plaintiff and the Proposed Classes**