UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTIN GORE, individually and on behalf of all others similarly situated,<br><br>v.<br><br>PEAK SYSTEMS, INC. | Case No.: 1:20-cv-3771-PAE-SN<br><br>Collective Action (29 U.S.C. § 216(b)) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION TO APPROVE SETTLEMENT**

**1. INTRODUCTION.**

Plaintiff Martin Gore has negotiated a settlement agreement with respect to his claims under the Fair Labor Standards Act and various state laws, that if approved, will benefit the members of the proposed FLSA collective that choose to accept it.

The Court should approve the Settlement Agreement because, as set forth below, this litigation involves a bona fide dispute and the proposed settlement is fair and reasonable.

**2. BACKGROUND.**

Gore brought this action to recover unpaid overtime wages he alleges are owed to him under the FLSA and the wage and hours laws of California, Illinois and New Jersey. In his Complaint, he asserted his FLSA claim as a collective action and his state law claims as proposed Rule 23 classes. The parties started working on settlement early. They identified the similarly situated potential FLSA collective members and exchanged relevant documents, including payroll, time sheets, and expense reports to determine which state laws may apply, to whom, and when. After months of conducting extensive paper discovery, the parties agreed to settle according to terms specified in their Settlement Agreement. *See* Ex. 1, Settlement Agreement; Ex. 2, Declaration of David I. Moulton ("Moulton Decl.") at ¶¶ 6-10.

3. **THE SETTLEMENT SHOULD BE APPROVED.**

   A. **The Standard for Approval is "Fair and Reasonable."**

Under *Cheeks v. Freeport Pancake House, Inc.*, "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court." *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. Aug. 7, 2015); *see also Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); *Mosquera v. Masada Auto Sales, Ltd.*, No. 09 Civ. 4925, 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011). "Generally, there is a strong presumption in favor of finding a settlement fair, as the court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Matheis v. NYPS, LLC*, No. 13 Civ. 6682, 2016 WL 519089, at *1 (S.D.N.Y. Feb. 4, 2016). "Because *Cheeks* itself did not define the contours of the approval analysis or protocols it envisioned, most district courts within our Circuit turn to the multi-factor test set out in *Wolinsky* to evaluate whether an FLSA wage and hour settlement is fair and reasonable." *Cabrera v. CBS Corp.*, No. 17 Civ. 6011, 2019 WL 502131, at *4 (S.D.N.Y. Feb. 8, 2019).

The court in *Wolinsky* set forth the following criteria for determining whether a proposed settlement is fair and reasonable: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *Wolinsky*, 900 F. Supp. 2d at 335.

   B. **Courts Are Not Empowered to Rewrite the Parties' Settlement Agreement.**

It is an abuse of discretion for courts to modify the terms of a settlement agreement. *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 605 (2d Cir. 2020). In *Fisher*, for example, the district court approved the settlement agreement, but then proceeded to alter the settlement allocation. *Id.* The appeals court ruled the court cannot "rewrite the agreement—it must reject the agreement or give the parties an

opportunity to revise it," and the court "exceeds its authority when it simply rewrites the agreement by imposing terms on the parties to which they did not agree." Id., (quoting Evans v. Jeff D., 475 U.S. 717, 726 (1986).

A district court may not simply rewrite the terms of a settlement agreement because a "settlement agreement is a contract that is interpreted according to general principles of contract law." *Omega, S.A.*, 432 F.3d at 443; *accord In re World Trade Ctr. Disaster Site Litig.*, 754 F.3d 114, 121 (2d Cir. 2014) (same); *Patterson v. Newspaper & Mail Deliverers' Union of N.Y. & Vicinity*, 514 F.2d 767, 772 (2d Cir. 1975) (court is "powerless to rewrite the provisions of the settlement agreement"). If the "terms of a contract are clear, courts must take care not to alter or go beyond the express terms of the agreement, or to impose obligations on the parties that are not mandated by the unambiguous terms of the agreement itself." *Lilly v. City of New York*, 934 F.3d 222, 235 (2d Cir. 2019) (quoting *Steiner v. Lewmar, Inc.*, 816 F.3d 26, 32 (2d Cir. 2016)). When presented with a settlement for approval, a district court's options are to (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different settlement can be achieved; or (3) proceed with litigation. *See Evans*, 475 U.S. at 727, 106 S.Ct. 1531.

FLSA settlements entered into pursuant to a stipulated dismissal with prejudice represent a special type of contract because district courts are required to review these settlements for reasonableness as set forth in *Cheeks*, 796 F.3d at 199. *Cf. Mei Xing Yu*, 944 F.3d at 411. The obligation extends to the reasonableness of attorneys' fees and costs. *Cheeks*, 796 F.3d at 206. Further, FLSA rights cannot be abridged via contract. *See Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981) ("FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707, 65 S.Ct. 895, 89 L.Ed. 1296 (1945)). Nonetheless, even though a district court has a duty to review

3

an FLSA settlement for reasonableness to prevent any potential abuse, this does not grant the court authority to rewrite contract provisions it finds objectionable. *See Lilly*, 934 F.3d at 236 (holding that district court erred in awarding attorneys' fees "beyond what the parties agreed to" in the contract). An exception to this rule, is the parties can contract to leave the amount of fees and costs to be decided by a court. *Fisher*, 948 F.3d at 606.

### C. The Parties' Settlement Agreement is Fair and Reasonable.

#### a) Gore and the Collective Members Will Receive More Than 100% of FLSA Required Payments

Based on the above criteria, the proposed settlement, which provides for the payment of $40,000 to Gore and the 5 proposed FLSA collective members who choose to accept it, $25,000 for attorneys' fees, and $1,544.20 in costs, was achieved after diligent discovery and arm's-length negotiations between experienced counsel. The recovery to Gore and the potential Class Members represents more than 100% of their unpaid wages under federal law. This is a great result that will likely not get better through more litigation. Further litigation poses significant risks to this recovery. For example, Peak Systems claims Gore and the Class Members are exempt under several exemptions, including the computer professional exemption. And increased costs associated with continued litigation is also a concern, given the small amounts of the claims. Ex. 2, Moulton Decl. at ¶¶ 5-6, 8-10.

#### b) Fees and Costs Are Reasonable.

The fees and costs in this case are also reasonable. Gore is well-represented by experienced wage and hour lawyers. Bruckner Burch PLLC, Josephson Dunlap Law Firm, and Maimon Kirschenbaum are successful wage and hour lawyers who have recovered hundreds of millions of dollars for workers across the nation. Peaks Systems is represented by Andrew Marks, who has many years of successfully defending FLSA claims. The settlement was negotiated at arms-length between opposing and experienced counsel and there was no fraud or collusion. The fees are less than

Plaintiff's counsels' lodestar and the expenses are for filing the case and serving Peaks System with process. Further fees and costs were negotiated separately, after the recovery for Gore and the Class Members was negotiated. Ex. 2, Moulton Decl. at ¶¶ 9-15.

4. **CONCLUSION.**

The settlement should be approved because it is a fair and reasonable compromise of disputed claims.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: /s/ David I. Moulton
_____
Richard J. (Rex) Burch
Texas Bar No. 24001807
David I. Moulton
Texas Bar No. 24051093
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com
dmoulton@brucknerburch.com

D. Maimon Kirschenbaum
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 688-2548

**JOSEPHSON DUNLAP LAW FIRM**
Michael A. Josephson
Texas Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
11 Greenway Plaza, Ste. 3050
Houston, Texas 77046

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

On March 19, 2021, I served this document on all parties via the Court's the ECF System

**/s/ David I. Moulton**
_____
David I. Moulton

## CERTIFICATE OF CONFERENCE

Defendant does not oppose this motion.

**/s/ David I. Moulton**
_____
David I. Moulton